UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UMB BANK, N.A.                                                     Plaintiff

v.                                                            Civil Action No. 3:23-cv-575-RGJ

JB FORUM LAND, LLC, *et al.*                                Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff UMB Bank, N.A. ("UMB") moves to alter, amend, or vacate the Court's Order and Judgment [DE 33; DE 34] entered on March 6, 2024. [DE 35]. Defendant First Guaranty Bank ("FGB") responded, and UMB replied. [DE 36; DE 39]. The motion is ripe. For the reasons explained below, UMB's motion is **DENIED**.

### I.    Background

On March 6, 2024, the Court granted FGB's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(7). [DE 33]. In its complaint, UMB sought three types of relief: (1) "a judgment in favor of UMB and against Defendant JB Forum" for defaulting on its loan, (2) "a judgment in favor of UMB and against all Defendants that UMB's Mortgage Lien is a first and prior . . . valid and enforceable lien against the Property," and (3) "a judgment requiring that . . . UMB's Mortgage Lien be enforced and, to that end, that the Property be sold by the Master Commissioner of the Jefferson Circuit Court, free and clear of any and all liens[.]" [DE 1-1 at 18–19]. The Court held that it could not "exercise jurisdiction over all of UMB's claims" for relief and considered "Rule 12(b)(1) dispositive of the relief sought against FGB and AT Forum" because "the [United States District Court for the] Western District of Louisiana obtained exclusive jurisdiction" as the receivership court over the leasehold mortgage between FGB and

AT Forum. [DE 33 at 722, 724, 727; DE 34]. But because the Court determined that whether it could adjudicate the relief UMB sought against JB Forum was a close question, the Court went on to consider FGB's motion under Fed. R. Civ. P. 12(b)(7).

The Court reasoned that, even if a foreclosure alone would not technically extinguish FGB's leasehold mortgage without a foreclosure sale, the complaint must still be dismissed under Rule 12(b)(7) because Fed. R. Civ. P. 19(a)(1) and KRS 426.006 would require the receiver, Trigild, Inc. ("Trigild"), to be named as a party to the action and, under Fed. R. Civ. P. 19(b), "Trigild is an indispensable party that cannot be joined[.]" [DE 33 at 732]. Now, UMB argues that "the Court, once it determined that it lacked subject matter jurisdiction, was without authority to dismiss the case[.]" [DE 35 at 737]. Instead, UMB asserts that 28 U.S.C. § 1447(c) required the Court to "remand the matter to state court." [*Id.* at 736]. In the alternative, UMB argues that Trigild "was not a required party to this case." [*Id.* at 737].

**II.      Standard**

Federal Rule of Civil Procedure 59(e) permits a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The purpose of a Rule 59(e) motion is not to rehash arguments that have already been raised or could have been raised at an earlier point in litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**III.   Discussion**

The Court has reviewed UMB's arguments to alter, amend, or vacate the Court's previous order as well as FGB's response and UMB's reply.  While the Court does not find grounds to reverse its prior decision, it takes this opportunity to clarify certain aspects of its analysis.

**A.  Rule 12(b)(1) and the Receivership Court's Exclusive Jurisdiction**

At the heart of this dispute is what type of relief UMB actually requested—a subject the parties vehemently disagree about.  In its "prayer for relief" at the end of its complaint, UMB seeks a judgment against JB Forum for the amount due on the loan; a judgment against all defendants that it has a first and prior lien on the Jefferson County property; and a judgment requiring (1) the lien to be enforced and (2) the property to be sold "free and clear of any and all liens" in Jefferson Circuit Court.  [DE 1-1 at 18–19].  Earlier in its complaint, UMB states that it is "entitled to (i) a foreclosure of its Fee Mortgage, (ii) termination of the Ground Lease, and (iii) a judicial sale of the Property encumbered by the fee mortgage."  [DE 1-1 at 17].

Despite this, UMB remains adamant that it "did not seek to terminate the Ground Lease in its Complaint or impact the leasehold estate in any manner; therefore, the foreclosure of the fee estate pledged via the Fee Mortgage would not (and could not) affect the Leasehold Mortgage such that Trigild's involvement in this case is not necessary."  [DE 35 at 737 (emphasis omitted)].  FGB responds by highlighting several aspects of the complaint, in addition to the prayer for relief, suggesting the opposite.  [DE 36 at 760–61].  UMB pled that AT Forum and FGB "may have an interest in the Property" because of the "Ground Lease" and "Ground Lease Mortgage."  [*Id.* (quoting DE 1-1 at 17–18)].  UMB also pled that it had a "valid and enforceable first, prior and superior mortgage lien" that gave it the "right, upon default, to take possession of and collect rents derived from the Property."  [*Id.*].  That language is difficult to square with UMB's assertion that

3

its complaint "did not seek to . . . impact the leasehold estate in any manner." [DE 1-1 at 17]. UMB attempts to retroactively pare back its complaint so that it may walk up to the line of extinguishing FGB's leasehold mortgage without expressly asking this Court to meddle with assets subject to the receivership. But, at minimum, there is no question that UMB's request for a *court-ordered foreclosure sale* would impact FGB's leasehold mortgage.[1] *See McEwan v. EiA Properties, LLC*, 428 S.W.3d 633, 636 (Ky. App. 2014) ("[A]ny interest she may have acquired under the lease was legally extinguished by the foreclosure sale.").

The Court could have ruled that it had no jurisdiction over *any* of the relief sought, but because whether the Court could exercise jurisdiction over UMB's first request for relief against JB Forum without affecting AT Forum and FGB's property subject to the receivership was a close question, the Court moved on to analyze FGB's motion under Rule 12(b)(7). As the Court explained, "foreclosure alone would not extinguish the leasehold or immediately interfere with the

---

[1] In its reply, part of UMB's argument for remand is that Kentucky law requires that a foreclosure action "must be adjudicated by the Kentucky State Court." [DE 39 at 785]. As a result, it argues, it cannot seek relief in the Western District of Louisiana because it "is not possible for a federal court to adjudicate a mortgage foreclosure action in a foreign jurisdiction." [*Id.* (citing *Still v. Rossville Crushed Stone Company, Inc.*, 370 F.2d 324, 325 (6th Cir. 1966))]. Whether the Receivership Court can or cannot adjudicate UMB's foreclosure action has no bearing on whether this Court can do so. The fact of the matter remains that the Receivership Court has obtained exclusive jurisdiction over the property subject to the receivership, therefore the Western District of Louisiana is the only court that can allow other courts to proceed in adjudicating claims that may affect property under Trigild's control. *See Digit. Media Sols., LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 778–79 (6th Cir. 2023) (explaining that the Receivership Court "obtain[s] *exclusive* jurisdiction over the debtor's res (the property) and sole authority to determine who should possess it") (emphasis in original); *Farmers' Loan & Tr. Co. v. Lake S. E. R. Co.*, 177 U.S. 51, 61 (1900) ("The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power."). While UMB's argument that the Receivership Court cannot itself adjudicate the foreclosure action is meritorious, the Receivership Court has proscribed other courts from adjudicating claims that affect FGB's leasehold mortgage. So, while UMB could not ask the Receivership Court to adjudicate its foreclosure action, it could request that it allow this Court or the Jefferson Circuit Court to consider the relief it seeks. *See Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (explaining that "[o]nce assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets" and therefore that district court "may issue a blanket injunction, staying litigation against the named receiver and the entities under [its] control *unless leave of that court is first obtained*") (emphasis added).

property subject to the receivership," therefore it could technically be possible for the Court to exercise jurisdiction over UMB's first claim for relief against JB Forum. [DE 33 at 728 (citing *McEwan*, 428 S.W.3d at 636)].

Even if the Court had dismissed the complaint solely under Rule 12(b)(1) because it could not accord any of the relief sought by UMB, dismissal would have been the appropriate result, not remand. As a general rule, UMB is correct that it is "mandatory" for a federal court to remand to state court even if the case is "potentially futile" once it determines it lacks jurisdiction. [DE 35 at 737–38]; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The cases cited by UMB support this general principle. *See Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 88 (1991) (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)) (holding remand was required where whether an officer "will be deemed an indispensable party in state court turns on a question of [state law]" and "the literal words of § 1447(c)" provide "no discretion to dismiss rather than remand an action"); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (holding that even if "the state court, as a matter of state law, would dismiss the claims against Defendants for lack of standing . . . the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c)"); *Pedroso v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-540-CHB, 2023 WL 2587492, at *13 (W.D. Ky. Mar. 21, 2023) ("Remand . . . is mandatory, even if the state court, as a matter of state law, would also dismiss the plaintiff's claims."). But other case law that UMB "acknowledges" controls and supports dismissal. [DE 35 at 740].

In *Perna v. Health One Credit Union*, the Sixth Circuit explained that it had previously "held that 'we should simply dismiss' a removed case when our holding conclusively establishes

5

not just that we lack jurisdiction but also that the state court lacks jurisdiction as well." 983 F.3d 258, 273 (6th Cir. 2020) (quoting *Est. of West v. U.S. Dep't of Veterans Affs.*, 895 F.3d 432, 435 (6th Cir. 2018)). The Sixth Circuit has also explained that "statutory text must always be read in context" and that "[a]s a practical matter . . . [28 U.S.C. §1447(c)] plainly assumes that the state court actually has jurisdiction to decide the case." *Est. of West*, 895 F.3d at 436. In *Est. of West*, the Court held the complaint should be dismissed rather than remanded where 38 U.S.C. § 511(a) "bar[red] the state court from revisiting the Secretary's determination" and therefore spoke "to the state court's jurisdiction on that point much more specifically than d[id] § 1447(a) [sic]. Thus, § 511(a) controls." *Id.* (recognizing that federal law prescribed a different federal forum). Accordingly, if the Court had dismissed the complaint for lack of subject matter jurisdiction over all relief sought by UMB, *Perna* and *Est. of West* would have applied instead of the general rule mandating remand to state court. Remand was not appropriate because the Court determined that the Western District of Louisiana deprived *all* other courts of jurisdiction over the property subject to the receivership, not just this Court.

In its reply, UMB again asserts that *Est. of West* does not allow for dismissal. It cites *Pedroso* again for proposition that "remand . . . is mandatory, even if the state court, as a matter of state law, would also dismiss the plantiff's claims." 2023 WL 2587492, at *13; [DE 39 at 784]. But *Pedroso* involved an Article III standing analysis under federal question jurisdiction and was nothing like this case. *Id.* In UMB's own words, *Est. of West* determined that "under the Veterans' Judicial Review Act, the only time that an Article III court could look at the case would be to review the legal determinations that were previously made by the Secretary of Veterans Affairs and reviewed by the Board of Veterans' Appeals and an Article I court such as the Court of Appeals for Veterans Claims." [DE 39 at 785 (citing 895 F.3d at 434)]. This case is analogous, where the

6

Receivership Court has limited not just this Court's ability to adjudicate the receivership's assets, but *any* Article III court.

### B. Rule 12(b)(7) and Whether Trigild is a Required Party to a Foreclosure Action

On this point, UMB returns to its argument that the fee mortgage and the leasehold mortgage are "separate, distinct property interests." [DE 35 at 741]. Again, it asserts that it never sought "termination of the Ground Lease" or to "negatively impact" the "leasehold estate," despite explicitly pleading it was "entitled" to exactly that and requesting a judicial sale of the property. [*Id.* at 742]. UMB insists that these statements in the complaint were "simply observations of claimed contract rights," therefore it is not asking this Court to terminate the Ground Lease or impact the leasehold mortgage subject to the receivership in any way. [*Id.*]. Two of UMB's footnotes belie this assertion. UMB reassures the Court that "if it ever came to pass that UMB actually sought to enforce these asserted contract rights in regard to the Ground Lease, it would accordingly seek relief in the Louisiana Receivership Action" and argues that "in the event of a foreclosure sale of JB Forum's fee interest, as requested by UMB, such fee interest will be sold subject to AT Forum's Ground Lease and FGB's Leasehold Mortgage[.]" [*Id.* at 742 nn. 3, 4]. As FGB argues in response, "these 'promises' illustrate the perils of allowing this action to proceed without Trigild" and "support the validity of concerns under Rule 19(a)(1)(A) and (B)(i)-(ii)." [DE 36 at 761–62]. Even if UMB does not seek an order from this Court explicitly terminating the Ground Lease, as FGB argues, UMB's complaint "places the leasehold interest in its crosshairs," making Trigild a necessary party to the action. [*Id.* at 761].

UMB cites no authority that would compel the Court to reconsider its previous conclusion that Trigild is a required party under KRS 426.006 and Rule 19(a)(1). First, UMB acknowledges that it "was its initial duty" pursuant to that statute to name AT Forum and FGB as parties. [DE

35 at 745]. If that is the case, under KRS 426.006, UMB would also be required to name Trigild. But, as the Court explained before, "Trigild cannot be joined because it 'share[s] the appointing judge's absolute immunity' from suit as an 'arm[] of the court[.]'" [DE 33 at 730 (quoting *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 373 (5th Cir. 1995))]. On this point, it appears the Court was mistaken that KRS 426.006 would require FGB and AT Forum to *remain* in the lawsuit. [*See* DE 33 at 728]. UMB is correct that the statute only requires "lienholders of record who may claim an interest in the property to be *named* in a foreclosure lawsuit" but not that they must "*remain* parties to a foreclosure lawsuit." [DE 35 at 745 (emphasis in original)].

> The plaintiff in an action for enforcing a lien on property **shall state** in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for a sale of the property to satisfy all of said liens which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw or receive any of the proceeds of such sale, until they have shown their right thereto by answer and cross claim, which shall be asserted as provided in the Rules of Civil Procedure.

KRS 426.006 (emphasis added). Even so, this analysis in the Court's previous order was immaterial to its basis for dismissal—that Trigild was an indispensable party that cannot joined. KRS 426.006 would still require Trigild to be initially named, and, even if it did not, this was an alternative basis for holding that Trigild was a required party. The Court's main analysis on this point determined that Trigild was a required party under Rule 19. Therefore, this error is not grounds to vacate the order or alter the outcome.

Second, and more importantly, the Court determined that Trigild was a required party under Rule 19(a)(1) whose "absence would 'as a practical matter impair or impede' its 'ability to protect the interest' and would lead to 'a substantial risk of incurring . . . inconsistent obligations.'" [DE 33 at 729 (quoting Fed. R. Civ. P. 19(a)(1))]. And again, because Trigild enjoys immunity from suit, it cannot be joined. [DE 33 at 730]. After making this determination, the Court

concluded that the action could not proceed without Trigild "in equity and good conscience" pursuant to Rule 19(b), "and so the complaint should be dismissed."[2] [DE 33 at 731]. FGB now adds even more support for that conclusion, arguing that "when a necessary party, such as Trigild, 'is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves.'" [DE 36 at 762 (quoting *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989))].

---

[2] In its reply, UMB asserts that Rule 12(b)(7) "also triggers the mandatory language of 28 U.S.C. § 1447(c) because immunity is tied to subject matter jurisdiction." [DE 39 at 788]. This case was not dismissed under a typical analysis of subject matter jurisdiction, as already discussed. Instead, it was dismissed because the Court's "holding conclusively establishe[d] not just that [it] lacks jurisdiction but also that the state court lacks jurisdiction as well." *Perna*, 983 F.3d at 273 (quoting *Est. of West*, 895 F.3d at 435). The Court's 12(b)(7) analysis did require considering whether Trigild's joinder would destroy subject matter jurisdiction [DE 33 at 728–29], but, if anything, 28 U.S.C. § 1447(e) is more applicable than § 1447(c). It states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Court here denied joinder of Trigild as a required party because Trigild enjoys immunity from suit, and then dismissed instead of remanding because that is what the 12(b)(7) analysis required. [DE 33 at 729 ("[I]f the party cannot be joined, [a court considers if it] should in 'equity and good conscience' *dismiss* the case because the absentee is indispensable.") (emphasis added)]. That accords with *Perna* and *Est. of West*.

### IV. Conclusion

UMB's other arguments are immaterial to the Court's analysis in its order dismissing the complaint. Even if UMB were correct that it cannot seek relief in the Western District of Louisiana, that would have no bearing on whether dismissal was proper under Rule 12(b)(1) or Rule 12(b)(7). And, as explained above, whether KRS 426.006 required AT Forum and FGB to remain parties to the lawsuit is also immaterial to that analysis.

As a result, because UMB has not demonstrated (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice," *Leisure Caviar, LLC*, 616 F.3d at 615, the Court will not alter its conclusions or vacate its previous order. UMB's motion [DE 35] is **DENIED**.

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

June 11, 2024

cc: counsel of record